CARUTH *et al. v.* LOVELESS, administrator.

HOLDEN, J.   Carrie A. Gilreath (hereinafter called the plaintiff, and called C. A. Gilreath in the deed hereinafter set out) brought suit to recover a described tract of land, claiming that she was the sole owner thereof under a deed of which (omitting the description of the land conveyed) the following is a copy:   "State of Georgia, Bartow County.   This indenture, made this the 29th day of February, one thousand eight hundred and ninety-six, between J. K. Gilreath and Mrs. E. A. Gilreath, both of the county aforesaid, Witnesseth:   That the said J. K. Gilreath for and in consideration of the natural love and affection he has for his wife said E. A. Gilreath, hereby gives, grants and conveys to the said E. A. Gilreath and her three heirs as follows—Miss C. A. Gilreath, Miss M. D. Gilreath and W. G. Gilreath, [here follows description of land conveyed].   With all the rights and privileges thereunto belonging forever in fee simple.   In witness whereof the said J. K. Gilreath has hereunto set his hand and seal the day and year above written.   And I also appoint W. G. Gilreath my son to control and look after the above described land for the benefit of Mrs. E. A. Gilreath, Miss C. A. Gilreath, Miss M. D. Gilreath and W. G. Gilreath and at any time in the future Miss C. A. Gilreath and Miss M. D. Gilreath should marry then and at that time they do relinquish their right and interest in the above-described land, and the same shall revert to W. G. Gilreath to his own proper use, benefit and behoof forever.   Signed, sealed and delivered in the presence of ——————— L. S.   The intention of this deed is to convey above described land to Mrs. E. A. Gilreath, Miss C. A. Gilreath and Miss M. D. Gilreath and W. G. Gilreath interest commencing only at the death of Mrs. E. A. Gilreath and the marriage or death of Miss C. A. Gilreath and M. D. Gilreath and the above land reverts to W. G. Gilreath and his own proper use, benefit and behoof forever.   J. K. Gilreath (L. S.).   Signed sealed and delivered in the presence of James R Kenney J. A. Price J. P. Hawkes, J. P."   The plaintiff was unmarried Her sister M. D. Gilreath had married, and her mother E. A. Gilreath, and her brother W. G. Gilreath, were dead.   Upon the conclusion of the evidence the court directed a verdict for the plaintiff for the premises in dispute, and left to the jury the determination of the amount of mesne profits the plaintiff should recover.   To the order of the court refusing the plaintiffs in error (hereinafter called the defendants) a new trial they excepted.   *Held:*

1. W. G. Gilreath took a vested-remainder interest in the land conveyed by the deed, with the right of possession postponed until the death of E. A. Gilreath and the marriage or death of C. A. and M. D. Gilreath. This interest was the only estate taken by W. G. Gilreath under the deed.

2. Under the provisions of the deed, the estate conveyed to E. A. Gilreath was divested upon her death, and that conveyed to M. D. Gilreath was divested upon her marriage; and the plaintiff, Carrie A. Gilreath, at the time of the commencement of the suit and the rendition of the verdict, owned the property until her marriage or death.

3. Carrie A. Gilreath, the plaintiff, and others filed their equitable complaint against the administrators of Walker G. Gilreath and other heirs at law of the estates of the latter and J. K. Gilreath, praying for a receiver to take charge of all of the assets of the estate of W. G. Gilreath and sell the same, and for other relief. In the petition it was alleged that Walker G. Gilreath, by virtue of the deed hereinbefore referred to, owned in the land thereby conveyed "the estate in remainder after the death or marriage of the said Mrs. E. A. Gilreath and her two daughters, Misses Carrie and May Gilreath.". J. W. F. Gilreath, one of the distributees in the estates of Walter G. and J. K. Gilreath, filed an answer that he was informed that the above allegation was true, but he had "no personal knowledge thereof," and setting up an indebtedness against both estates. In a consent decree rendered in that case it was provided: "It is further ordered and decreed by the court that J. W. F. Gilreath is entitled to the rights and interests of all the heirs of Jabez Gilreath, deceased, and Walker Gilreath, deceased, in and to the respective estate of each of them." This decree was rendered before the case now before the court was begun. Held, that under this decree J. W. F. Gilreath acquired the interests which Carrie A. Gilreath, as a distributee of the estate of Walker G. Gilreath, had in the vested-remainder estate of Walker G. Gilreath in the land sued for, and Carrie A. Gilreath was not entitled to recover any interest in such remainder estate.

4. It was error to permit a witness for the plaintiff, over the objection of the defendants, to testify that the witness ascertained from the plaintiff and her mother that J. W. F. Gilreath had not bought the land, and to permit the plaintiff, over objection of the defendants, to testify that her counsel made statements to the effect that no interest of hers in the land was affected by the decree referred to in the preceding note; but these errors were not such as to require a new trial.

5. The plaintiff, Carrie A. Gilreath, being only entitled to the land during her life or while she remained unmarried, it is directed that the verdict and decree in the court below be amended so as to limit the estate recovered in the land in accordance with this ruling. Carrie A. Gilreath having died since the case was brought to this court, and her estate in the land having thereby become divested, it is ordered that the amendment above directed, of the verdict and decree in her favor for the land and mesne profits, have effect as of the date of their rendition.

*Judgment affirmed, with directions. All the Justices concur.*

FEBRUARY 22, 1911.

Complaint for land. Before Judge Fite. Bartow superior court. May 8, 1909.

*Neel & Neel,* for plaintiffs in error.

*Thomas C. Milner, Colquitt Finley,* and *George W. Stevens,* contra.